UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GABRIEL,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL BUCKS AMBULANCE AND RESCUE UNIT d/b/a CENTRAL BUCKS EMERGENCY MEDICAL SERVICES, TYLER BARD, CHARLES PRESSLER, and STEPHANIE D'ANDREA,<br><br>    Defendants. | CIVIL NO.: 2:25-CV-6852<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Joseph Gabriel, by and through his attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendants, Central Bucks Emergency Medical Services d/b/a Central Bucks Emergency Medical, Tyler Bard, Charles Pressler, and Stephanie D'Andrea, for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C.S. § 2601 *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 *et seq.* (the "PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("PWPCL"). Plaintiff demands a trial by jury and complains and alleges as follows:

## PARTIES

1. Plaintiff, Joseph Gabriel ("Mr. Gabriel" or "Plaintiff"), is an individual who resides in Bucks County, Pennsylvania, and is a former employee of Central Bucks Emergency Medical Services d/b/a Central Bucks Emergency Medical.

2. Defendant, Central Bucks Emergency Medical Services d/b/a Central Bucks Emergency Medical Services ("Central Bucks EMS"), is an entity operating emergency medical services across significant portions of Pennsylvania, including Doylestown Borough, Buckingham Township, New Hope Borough, Upper Makefield Township, Doylestown Township, New Britain Borough, Wrightstown Township, Warminster Township, Ivyland Borough, Plumstead Township, New Britain Township, Solebury Township, and Warwick Township. Upon information and belief, Central Bucks EMS is located at 455 East Street, Doylestown, Bucks County, Pennsylvania 18901.

3. Central Bucks EMS employs at least fifty (50) employees within a seventy-five (75) mile radius and employed more than fifty (50) employees within a seventy-five (75) mile radius during the entire time Plaintiff was employed by Defendant Central Bucks EMS.

4. Defendant Tyler Bard ("Mr. Bard"), is the Director of Operations (also referred to as a "Deputy Chief") for Central Bucks EMS. Upon information and belief, Mr. Bard resides in Pennsylvania.

5. Defendant, Charles Pressler ("Mr. Pressler"), is the Executive Director (also referred to as a "Chief") for Central Bucks EMS. Upon information and belief, Mr. Pressler resides in Pennsylvania.

6. Defendant, Stephanie D'Andrea ("Ms. D'Andrea," and collectively with Central Bucks EMS, Mr. Bard, and Mr. Pressler as "Defendants"), is the Administrative Manager for Central Bucks EMS. Upon information and belief, Ms. D'Andrea resides in Pennsylvania.

7. All Defendants are employers under the FMLA.

8. In particular, the FLMA states that its definition of "employer" includes:

> (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer. 29 U.S.C.S. § 2611(4)(A)(2)(ii)(I).

9. Similarly, all Defendants are employers under the FLSA.

10. In particular, the FLSA states that:

> (d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization. 29 U.S.C.S. § 203(d).

## JURISDICTION AND VENUE

11. This Honorable Court has subject matter jurisdiction over Plaintiff's FMLA and FLSA federal claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b), respectfully.

12. The United States District Court for the Eastern District of Pennsylvania may properly maintain personal jurisdiction over Defendants as all Defendants reside in and/or are located within the Eastern District of Pennsylvania.

13. This Court has, and should exercise, supplement jurisdiction over Plaintiff's PMWA and PWPCL state claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## STATEMENT OF FACTS

15. Plaintiff first began his employment with Central Bucks EMS more than twenty (20) years ago.

16. For years, Plaintiff worked admirably as a Paratransit Driver and an Emergency Medical Technician for Central Bucks EMS.

17. Plaintiff's excellent performance resulted in frequent praise from Plaintiff's supervisors, and even being featured in an article detailing his exceptional service at Central Bucks EMS.

18. Plaintiff's outstanding performance eventually resulted in a promotion to Battalion Chief for Central Bucks EMS.

19. This promotion was framed as both an ability to transition to a position within Central Bucks EMS with supervisory and administrative duties, as well as the ability to earn a higher wage.

20. Unfortunately, neither of these promises proved true.

21. Namely, Plaintiff's duties required significant time working on a truck, as opposed to administrative duties.

22. Moreover, the significant truck duty resulted in Plaintiff frequently working more than forty (40) hours per week, while no longer being paid at his previous hourly rate of pay or at the mandated overtime rate of one and one-half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) for any given workweek.

23. In fact, during a period of time from December 2024 into February 2025, Plaintiff was required to work a forty-eight (48) hour per week shift exclusively as a field worker on a truck, without overtime pay, in lieu of his job as a Battalion Chief.

24. Interestingly, Central Bucks EMS would allow its Battalion Chiefs, including Mr. Gabriel, to pick up shifts as field workers when needed, and paid them overtime for all hours worked in excess of forty (40) during the week on these occasions.

25. When it became clear that the proffered "exempt" nature of Plaintiff's Battalion Chief position was simply an effort to avoid paying Plaintiff, and the other Battalion Chiefs, their eligible wages due under the FLSA, each of the Battalion Chiefs specifically complained to multiple managers.

26. Specifically, Plaintiff, along with the other Battalion Chiefs, complained to managers, including Mr. Pressler, Mr. Bard, and Ms. D'Andrea, that they were often performing non-exempt work, including on a full-time basis from December 2024 into February 2025, and yet not being paid in a manner commensurate with such duties.

27. Rather than rectify the situation, Plaintiff and the other Battalion Chiefs were threatened with termination if such pay issues were ever raised again.

28. At or around the same time, on or about May 30, 2025, Mr. Gabriel requested FMLA leave for the birth of his child.

29. This request was explicitly made to Ms. D'Andrea.

30. Upon information and belief, Ms. D'Andrea made Mr. Bard and Mr. Pressler aware of Mr. Gabriel's request for FMLA leave.

31. At the time of this request, Mr. Gabriel had worked for at least twelve (12) months, and had worked at least 1,250 hours in the past twelve (12) months.

32. Rather than providing any FMLA paperwork to Mr. Gabriel, or even fully discussing such request with him, Ms. D'Andrea simply told Mr. Gabriel that FMLA leave for the birth of a child was "not a thing."

33. Only a few days after Mr. Gabriel made his request for protected leave pursuant to the FMLA he was unceremoniously terminated.

34. Plaintiff has been made aware that another Battalion Chief has been terminated by Defendants after requesting similar protected leave pursuant to the FMLA.

35. Moreover, on multiple occasions, Plaintiff openly discussed with this other Battalion Chief the potential use of FMLA leave for the birth of a new child, as this other Battalion Chief had recently had newborn children of his own.

36. Ms. D'Andre, Mr. Pressler, and Mr. Bard were all aware of the open discussions between Mr. Gabriel and this other Battalion Chief regarding the intent of each to use FMLA leave for the purposes of the recent birth of their respective children.

37. Moreover, this same Battalion Chief also raised specific complaints related to the pay and classification of the Battalion Chiefs.

38. Accordingly, Defendants terminated this Battalion Chief for making the same FLSA complaints and FMLA request as Plaintiff – a clear pattern of unlawful retaliation for engaging in protected activity pursuant to the FLSA and FMLA.

39. For the forgoing reasons, Mr. Gabriel believes that Defendants have not paid him for all of his wages and subjected him to unlawful retaliation in violation of his federal and state rights pursuant to the FLSA, PMWA, and PWPCL, as well as interfered with his federal rights and subjected him to unlawful retaliation in violation of the FLSA.

## COUNT I

### VIOLATIONS OF THE FMLA
### Interference
*(Plaintiff v. All Defendants)*

40. All prior paragraphs are incorporated herein as if set forth fully below.

41. This Count is brought on behalf of Plaintiff against all Defendants.

42. Plaintiff was an eligible employee under the FMLA.

43. Defendants fall under the definition of "employer" under the FMLA.

44. During the relevant time period, Defendants employed more than fifty (50) employees within a seventy-five (75) mile radius.

45. Therefore, Defendants were employers subject to the FMLA's requirements.

46. Plaintiff requested FMLA leave for the birth of his child.

47. The Department of Labor explicitly states that an employee may use FMLA leave for the birth of a child.[1]

48. At the time of his request, Plaintiff had been employed for over twelve (12) months and had worked over 1,250 hours over the previous twelve (12) months.

49. Therefore, Plaintiff was entitled to take FMLA leave.

50. Defendants expressly denied Plaintiff use of FMLA leave for the birth of his child.

51. Plaintiff has been made to suffer unnecessary fees and expenses to remedy the issues created by Defendants' actions/inactions.

52. The actions of Defendants set forth above constitute violations of the FMLA.

## PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants, jointly and severally, as follows:

A. Defendants are to be permanently enjoined from interfering with Plaintiff on the basis of serious medical conditions and related FMLA leave, and/or any basis prohibited under applicable federal and state law;

---

[1] *See* https://www.dol.gov/agencies/whd/fact-sheets/28q-taking-leave-for-birth-placement-child.

B. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of interfering with employees based on serious medical conditions and related FMLA leave, and is to be ordered to promulgate an effective policy against such interference and/or retaliation or discrimination and to adhere thereto;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered interference at the hands of Defendants until the date of verdict;

D. Plaintiff is to be awarded interest on his monetary losses at the prevailing rate;

E. Plaintiff is to be awarded actual damages;

F. Plaintiff is to be awarded liquidated damages under the FMLA;

G. Plaintiff is to be reinstated under the FMLA if appropriate;

H. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems available, just, proper, and appropriate;

I. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney fees as provided by applicable federal and state law;

J. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

K. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendants do not engage - or cease engaging - in illegal interference against Plaintiff or other witnesses to this action; and

L. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## COUNT II

### VIOLATIONS OF THE FMLA
### Retaliation
*(Plaintiff v. All Defendants)*

53. All prior paragraphs are incorporated herein as if set forth fully below.

54. This Count is brought on behalf of Plaintiff against all Defendants.

55. Plaintiff requested FMLA leave for the birth of his child.

56. Mere days after Plaintiff's request for FMLA leave, Defendants terminated Plaintiff's employment.

57. Plaintiff's termination was casually related to his invocation of his rights under the FMLA.

58. Plaintiff has been made to suffer unnecessary fees and expenses to remedy the issues created by Defendants' actions/inactions.

59. The actions of Defendants set forth above constitute violations of the FMLA.

## **PRAYER FOR RELIEF ON COUNT II**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants, jointly and severally, as follows:

A. Defendants are to be permanently enjoined from retaliating or discriminating against Plaintiff on the basis of serious medical conditions and related FMLA leave, and/or any basis prohibited under applicable federal and state law;

B. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of retaliating or discriminating against employees based on serious medical conditions and related FMLA leave, and is to be ordered to promulgate an effective policy against such interference and/or retaliation or discrimination and to adhere thereto;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation or discrimination at the hands of Defendants until the date of verdict;

D. Plaintiff is to be awarded interest on his monetary losses at the prevailing rate;

E. Plaintiff is to be awarded actual damages;

F.　　Plaintiff is to be awarded liquidated damages under the FMLA;

G.　　Plaintiff is to be reinstated under the FMLA if appropriate;

H.　　Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems available, just, proper, and appropriate;

I.　　Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney fees as provided by applicable federal and state law;

J.　　Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

K.　　Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendants do not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

L.　　The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## COUNT III

### VIOLATIONS OF THE FLSA
### Failure to Pay Wages – Including Overtime
*(Plaintiff v. All Defendants)*

60.　All prior paragraphs are incorporated herein as if set forth fully below.

61.　This Count is brought on behalf of Plaintiff against all Defendants.

62.　At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

63. Defendants were the "employers" of Plaintiff, who was an "employee" covered by the FLSA. Defendants, as the employers of Plaintiff, was obligated to pay Plaintiff for all hours worked, including overtime.

64. The FLSA regulates, among other things, the payment of minimum wage and overtime to employees who are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

65. Defendants are subject to the pay requirements of the FLSA, including its minimum wage and overtime requirements, because it is an enterprise engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce

66. Defendants violated the FLSA by failing to pay Plaintiff for all hours worked, including both straight time and overtime hours.

67. Section 213 of the FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

68. Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of the Complaint.

69. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

70. As a result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer harm, including, but not limited to, lost earnings, lost benefits, and other financial losses, as well non-economic damages.

71. Plaintiff is entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF ON COUNT III**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants, jointly and severally, as follows:

A. Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

B. Award back pay to Plaintiff, including a sum to compensate Plaintiff for any increased tax liability on a lump-sum award of back pay;

C. Award liquidated damages to Plaintiff in the maximum amount available under the FLSA;

D. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiff;

E. Award Plaintiff pre-judgment and post-judgment interest available under the FLSA;

F. Award Plaintiff any other appropriate equitable relief; and

G. Award any additional relief that this Court deems just and proper.

## COUNT IV

**VIOLATIONS OF THE FLSA**
*Retaliation*
*(Plaintiff v. All Defendants)*

71. All prior paragraphs are incorporated herein as if set forth fully below.

72. Plaintiff, and the other Battalion Chiefs, were required to perform significant non-administrative duties and work over forty (40) hours per week, despite being ostensibly "exempt" employees.

73. Plaintiff complained to Defendants regarding his duties and pay as a Battalion Chief.

74. Rather than engage with Plaintiff, and the other Battalion Chiefs, Defendants threatened to terminate Plaintiff and the other Battalion Chiefs if any other complaints regarding duties and pay were raised.

75. Defendants unfortunately followed through on this threat by terminating Plaintiff's employment.

76. Plaintiff engaged in protected activity under the FLSA.

77. Defendants took an adverse employment action against him.

78. There is a causal link between Plaintiff's protected action and Defendants' adverse employment action against Plaintiff.

79. The actions of Defendants set forth above constitute violations of the FLSA.

### PRAYER FOR RELIEF ON COUNT IV

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants, jointly and severally, as follows:

A. Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

B. Award back pay to Plaintiff, including a sum to compensate Plaintiff for any increased tax liability on a lump-sum award of back pay;

C. Award liquidated damages to Plaintiff in the maximum amount available under the FLSA;

D. Award compensatory damages to Plaintiff pursuant to the FLSA;

E. Award punitive damages to Plaintiff pursuant to the FLSA;

F. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiff;

G. Award Plaintiff pre-judgment and post-judgment interest available under the FLSA;

H. Award Plaintiff any other appropriate equitable relief; and

I. Award any additional relief that this Court deems just and proper.

## COUNT V

**VIOLATION OF THE PMWA**
**Failure to Pay Wages – Including Overtime**
*(Plaintiff v. All Defendants)*

80. All prior paragraphs are incorporated herein as if set forth fully below.

81. Defendants are an "employers" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for unpaid wages, including straight time and overtime wages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

82. Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the PMWA exemptions apply to Plaintiff.

83. Defendants violated the wage provisions of the PMWA, including its overtime provisions, as it failed to pay Plaintiff for all hours worked, including both straight time and the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).

84. The PMWA requires that Defendants compensate Plaintiff for all hours worked, and at a rate of at least one and one-half (1½) times their usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104(c).

85. The total amount of compensation due to Plaintiff by Defendants constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

86. Defendants' failure and refusal to pay wages was willful, intentional, and not in good faith.

87. Defendants further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by Plaintiff.

88. Plaintiff and is entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

**PRAYER FOR RELIEF ON COUNT V**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants, jointly and severally, as follows:

A. Enter judgment in favor of Plaintiff and against Defendants for violations of the PMWA;

B. Award Plaintiff his unpaid wages during the applicable statute of limitations period, in an amount to be shown at trial;

C. Award Plaintiff pre- and post-judgment interest at the legal rate;

D. Enter an Order enjoining Defendants from future violations of the wage provisions of the PMWA; and

E. Award Plaintiff any other relief this Court or a jury deems appropriate.

**COUNT VI**

**VIOLATION OF THE PWPCL**
**Failure to Pay Wages**
*(Named Plaintiff v. All Defendants)*

89. All prior paragraphs are incorporated herein as if set forth fully below.

90. Defendants are "employers" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages, and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

91. Defendants entered into a contract with Plaintiff to compensate him for the hours he worked on behalf of Defendants.

92. Plaintiff is entitled to be paid his regular rate of pay for all hours worked up to and including forty (40) hours in a workweek, and one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by,

*inter alia*, 29 U.S.C. § 207(a). The failure to pay said wages constitutes a violation of 29 U.S.C. § 215(a)(2).

93. Defendants have failed to pay Plaintiff for all hours worked, including the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of Defendants' contract with him, the FLSA, and the PMWA. Defendants have, therefore, failed to regularly pay Plaintiff for all earned wages in violation of the PWPCL.

94. Accordingly, wages in the form of straight time and overtime pay are due and owing to Plaintiff pursuant to Section 260.3(a) of the PWPCL.

95. Defendants further violated the PWPCL through their failure to pay the Plaintiff all wages due for work he performed upon his termination of employment pursuant to Section 260.5(a) of the PWPCL.

96. Defendants further violated the PWPCL by failing to record and pay for all hours worked by Plaintiff, including but not limited to overtime.

97. The total amount due to Plaintiff by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

98. In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Plaintiff is entitled to liquidated damages in an amount equal to the greater of twenty-five percent (25%) of the wages due or $500, in addition to all wages due.

99. In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Plaintiff is entitled to reasonable attorneys' fees and costs associated with this action.

100. The wages withheld from Plaintiff is not the result of any bona fide dispute.

101. Plaintiff is entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

## PRAYER FOR RELIEF ON COUNT VI

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants, jointly and severally, as follows:

A. Enter judgment in favor of Plaintiff and against Defendants for failing to pay wages in violation of the PWPCL;

B. Award Plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the wages due or $500, whichever is greater, in addition to all wages due, in an amount to be shown at trial;

C. Award Plaintiff pre- and post-judgment interest at the legal rate;

D. Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

E. Enter an Order enjoining Defendants from future violations of the wage provisions of the PWPCL; and

F. Award Plaintiff any other relief this Court or a jury deems appropriate.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury for each count set forth in this Complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **WEISBERG CUMMINGS, P.C.** |
| Dated: December 5, 2025 | */s/ Derrek W. Cummings*<br>Derrek W. Cummings (PA 83286)<br>dcummings@weisbergcummings.com |
|  | */s/ Larry A. Weisberg*<br>Larry A. Weisberg (PA 83410)<br>lweisberg@weisbergcummings.com |
|  | */s/ Michael J. Bradley*<br>Michael J. Bradley (PA 329880)<br>mbradley@weisbergcummings.com |
|  | */s/ Steve T. Mahan*<br>Steve T. Mahan (PA 313550)<br>smahan@weisbergcummings.com |
|  | 2704 Commerce Drive, Suite B<br>Harrisburg, PA 17110<br>(717) 238-5707<br>(717) 233-8133 (Fax) |
|  | *Counsel for Plaintiff* |